Court of Appeals, Fifth Circuit, Parish of Plaquemines.

A. OLSTEIN v. HIS CREDITORS P. E. SARRAZIN AND T. A. BALLOWE, Appellants.

1. Whenever an opposition to a syndic's account is filed by any one creditor, there is a contestatio litis formed, wherein said creditor is plaintiff and the other creditors are defendants in a concurso, and the issue cannot be tried and determined in chambers.

2. Section 1936 of the Revised Statutes does not authorize the judge to try and dispose of an opposition to a syndic's account in chambers. It confers on that officer the power to grant preliminary orders simply, and such as are not required to be granted in open court.

Appeal from the Twenty-Sixth Judicial District Court, Parish of Plaquemines.   Livaudais, Judge.

F. C. Zacharie for plaintiff and appellee.

T. A. Flanagan for defendants and appellants.

BLAKE, J.—The provisional account filed by A. Davis, syndic, of the insolvent Olstein, was opposed on various grounds by two of his creditors, P. E. Sarrazin and T. A. Ballowe. The district judge assigned a day for the trial of these oppositions, and disposed of the same at chambers. From this action of the judge this appeal is taken.

The position assumed by the syndic, and which seems to have been adopted by the judge, is that his authority for thus disposing of these oppositions at chambers is to be found in section 1936 of Ray's Revised Statutes.

In our opinion the section in question will not bear the construction placed upon it. It simply authorizes the granting ex parte of such orders as are preliminary, and not such as are required to be granted in open court.

Whenever a creditor in a *concurso* opposes a syndic's account, there is a *contestatio litis* formed, wherein the opponent is regarded as plaintiff, and the remaining creditors as defendants, and the issue raised in that opposition, like all litigated matters must be tried and determined regularly and in open session of the court. This is the general practice recognized and sanctioned by law, and which admits of no exception.

Ordered that the judgment rendered at chambers be reversed, and case remanded to be regularly tried in open session; appellee to pay costs of both courts.